UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HOUSTON DOUGLAS,

Plaintiff,

-against-                                                              9:11-CV-1535 (LEK/DEP)

DR. BUGHRARA; *et al.*,

Defendants.

## DECISION and ORDER

### I.      INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on August 1,

2013, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b)

and Local Rule 72.3(d) of the Northern District of New York.  Dkt. No. 36 ("Report-

Recommendation").  After fourteen days from the service thereof, the Clerk has sent the entire file

to the undersigned, including the Objections by Plaintiff Houston Douglas ("Plaintiff"), which were

filed on September 3, 2013.  Dkt. No. 39 ("Objections").  For the following reasons, the Court

approves and adopts the Report-Recommendation in its entirety and grants Defendants' Motion for

summary judgment. Dkt. No. 25 ("Motion").

### II.      BACKGROUND

The Court presumes the parties' familiarity with the facts underlying this case.  For a

complete statement of the facts, reference is made to the Report-Recommendation and Complaint.

Dkt. Nos. 1, 36.  Since 2007, Plaintiff has been housed in the Residential Medical Unit of the

Coxsackie Correctional Facility due to serious long-term health problems.  Report-Rec at 3.  In early

November 2008, Plaintiff was sent to Albany Medical Center ("AMC") when medical staff at RMU

believed that Plaintiff was exhibiting symptoms of pneumonia.  Id.  At AMC, IV Specialist Doe first tried to install an IV line into Plaintiff's neck, which Plaintiff refused, then Plaintiff's leg, which Plaintiff also refused, and ultimately installed the IV in Plaintiff's right forearm.  Id. at 4.  A few hours later, Plaintiff noticed that his arm had begun to swell and develop blisters around the site of the IV entry point, and called for a nurse to remove it.  Douglas Dep. Tr. (Dkt. No. 25-1) at 72.  The blisters had formed where Plaintiff's skin was in contact with the IV tape.  Report-Rec. at 4.  Plaintiff's arm was treated with dressings and antibiotic ointments, although the blistering continued for the next few days.  Id. at 4-5.  Plaintiff's treating physicians at AMC, Drs. Bughrara and Byrd ("Defendants"), were notified, and a plastic surgeon at the hospital also examined Plaintiff's arm, and concluded that Plaintiff's wounds were ordinary blisters and would heal over time.  Id. at 5.  Plaintiff refused to stay at AMC to allow Defendants to determine the cause of Plaintiff's injury.  Douglas Dep. Tr. at 56-57.

Although Plaintiff alleges in the Complaint that his arm was in pain for several months, Plaintiff's medical records show that Plaintiff regularly reported to AMC medical staff that he was not in pain.  Report-Rec. at 5-6.  Furthermore, Plaintiff testified that after leaving AMC in early November 2008, he did not receive, or expect to receive, treatment for his arm from Defendants.  Douglas Dep. Tr. at 54.  Plaintiff commenced this action on October 20, 2011, alleging that IV Specialist Doe improperly installed the IV in his arm and that Defendants Bughrara and Byrd failed to both protect him from IV Specialist Doe and ensure that a qualified employee performed the procedure.  Compl. at 6.  Plaintiff also filed an *in forma pauperis* application, which was granted on March 15, 2102.  Dkt. No. 6.  Discovery was conducted, and Defendants then filed a Motion for summary judgment.  Mot.

## III. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report-Recommendation

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

### B. Summary Judgment

Summary judgment motions are governed by Rule 56 of the Federal Rules of Civil Procedure. A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 247 (1986); Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82-83 (2d Cir. 2004).  The moving party bears the burden of showing that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim at issue, by reference to appropriate portions of the record.  Celotex, 477 U.S. at 323.  If the moving party satisfies its burden, the nonmoving party must demonstrate the existence of a material fact, by evidence other than the pleadings, that creates an issue for trial.  Id. at 324; see FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 250.  Denial of the motion is warranted if the moving party fails to meet its burden, while the motion should be granted if the nonmoving then party fails to meet its burden.  Anderson, 477 U.S. at 250; Sec. Ins. Co. of Hartford, 391 F.3d at 83.  In reviewing the record to determine whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all permissible inferences in favor of the nonmoving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Sec. Ins. Co. of Hartford, 391 F.3d at 83.  A court is justified in granting summary judgment only after finding that no reasonable trier of fact could rule in favor of the nonmoving party.  Anderson, 477 U.S. at 250.

### C. Statute of Limitations

#### 1. Section 1983 Claim

The limitations period for an Eighth Amendment deliberate medical indifference claim brought pursuant to 42 U.S.C. § 1983 derives from the statute of limitations for personal injury actions under the laws of the forum state.  Owens v. Okure, 488 U.S. 235, 249-50 (1989).  In New York, the statute of limitations for a § 1983 action is three years.  N.Y. C.P.L.R. § 214(5); see also Connolly v. McCall, 254 F.3d 36, 40-41 (2d Cir. 2001).  A § 1983 claim accrues "when the plaintiff knows or has reason to know of the harm that he seeks to redress."  Connolly, 254 F.3d at 41.

However, the continuing violation doctrine and the prison mailbox rule may apply to alter the effect of the statute of limitations. The continuing violation doctrine can apply when a prisoner alleges that a series of acts taken together constitute an Eighth Amendment violation. Shomo v. New York., 579 F.3d 176, 182 (2d Cir. 2009). In order to assert a continuing violation for statute of limitations purposes in the context of a deliberate medical indifference claim, a plaintiff must allege the existence of an ongoing policy of deliberate indifference to his serious medical needs and point to non-time-barred acts taken in furtherance of the policy. Shomo, 579 F.3d at 182.

The prison mailbox rule starts the statute of limitations analysis in prisoner civil rights actions. Houston v. Lack, 487 U.S. 266, 276 (1988); Tracy v. Freshwater, No. 01-CV-0500, 2008 WL 850594, at *1 (N.D.N.Y. Mar. 28, 2008). A *pro se* inmate's motion is deemed filed on the date the papers were given to prison officials, or, if that is uncertain, the date the papers were signed and dated. Tracy, 2008 WL 850594, at *1.

### 2. Medical Malpractice Claim

In New York, "[a]n action for medical . . . malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury, or condition which gave rise to said act, omission or failure [.]" N.Y. C.P.L.R. § 214-a.

### D. Eighth Amendment Medical Deliberate Indifference Claim

The Eighth Amendment requires the government to provide adequate medical care to incarcerated persons. Estelle v. Gamble, 429 U.S. 97, 103 (1976). A claim alleging deliberate indifference to a serious medical condition in violation of the Eighth Amendment's protection against cruel and unusual punishment has an objective and a subjective component. Wright v.

5

Goord, 554 F.3d 255, 268 (2d Cir. 2009). The objective component requires two inquiries: whether the prisoner was actually deprived of adequate medical care, and whether the inadequacy of the care was sufficiently serious. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). The second element of the objective test varies according to the plaintiff's allegations. Id. If the plaintiff alleges a complete failure to provide treatment for a medical condition, a court should examine the seriousness of the inmate's medical condition. Id. If the plaintiff alleges that medical treatment received was inadequate, the inquiry is narrower and a court should focus on the specific inadequacy of the treatment, not the underlying medical condition alone. Id.; Smith v. Carpenter, 316 F.3d 178, 185-86 (2d Cir. 2003).

The subjective component of the deliberate indifference test requires that a plaintiff demonstrate that the defendant acted with a mental state equivalent to subjective recklessness in criminal law, i.e., that the defendant was aware that her conduct would create a substantial risk of serious harm to the inmate. Salahuddin, 467 F.3d at 280.

## IV.    DISCUSSION

### A.  The Report-Recommendation

Judge Peebles found that application of the prison mailbox rule rendered timely Plaintiff's § 1983 claim but that the medical malpractice claim was time barred. Report-Rec. at 10-11. Since Plaintiff's Complaint was dated October 20, 2011, and the last date of Plaintiff's treatment for blisters at Coxsackie was November 25, 2008, the medical malpractice claim was brought five months late. Report-Rec. at 11.

With regard to the § 1983 claim, Judge Peebles found that Plaintiff did not present sufficient evidence concerning the objective issue of seriousness of the harm, because Plaintiff's condition

6

amounted to nothing more than ordinary blisters and did not cause him pain. Report-Rec. at 20.

Furthermore, Judge Peebles found that the subjective element was not satisfied, because there was

no evidence suggesting that Defendants were deliberately indifferent to Plaintiff's medical needs.

Id. at 21. The record is devoid of any suggestion that Defendants knew the IV installation would

cause Plaintiff harm and proceeded anyway. Id. Lastly, Judge Peebles found that Plaintiff's

allegation of negligent supervision with regard to Defendants Bughrara and Byrd was insufficient to

support Plaintiff's § 1983 claim, because deliberate indifference requires a more culpable state of

mind than that required for negligence. Id. at 22. Judge Peebles recommended that the Motion be

granted. Id.

### B. Plaintiff's Objections

Plaintiff objects on three grounds. First, he argues that the blisters caused by the IV were

serious injuries, and that Defendants were negligent in supervising IV Specialist Doe. Objs. at 1.

Second, he argues that, because he is a *pro se* incarcerated plaintiff, his claim against IV Specialist

Doe should not be dismissed. Objs. at 2. Third, Plaintiff argues that the date of his last treatment

for the blisters caused by the IV was September 30, 2010, which would render a medical

malpractice claim timely. Objs. at 3, 7. These objections were substantively before Judge Peebles.

See Report-Rec. at 19-20 (noting that Plaintiff's arm developed blisters as the result of the IV

installation but that a doctor at AMC concluded that the blisters were ordinary and not infected); id.

at 21-22 (noting Plaintiff's contention that Defendants were negligent in supervising IV Specialist

Doe); id. at 12 (noting that courts in the Second Circuit are hesitant to dismiss a claim for failure to

prosecute because it is recognized as a harsh remedy); id. at 11 (noting that Plaintiff's medical

records from Coxsackie C.F. indicate that after November 25, 2008, Plaintiff did not receive

7

treatment for the blisters). The Court therefore reviews the objected-to portions of the Report-Recommendation for clear error, and finds none.

Plaintiff's first objection, regarding the seriousness of Plaintiff's injury and the culpability of the Defendants, speaks to the objective and subjective elements of the test for a claim of deliberate medical indifference. Plaintiff's second objection speaks to his inability to ascertain the identity of IV Specialist Doe. Plaintiff's third objection speaks to the application of the continuous treatment doctrine and the time-period of treatment for the blisters. There is no genuine dispute in the record that Plaintiff's blisters were ordinary and did not rise to the level of a serious injury, and whether Defendants were negligent in their supervision of IV Specialist Doe or not, negligence is not sufficient to state a claim for deliberate medical indifference. With regard to Plaintiff's claim against IV Specialist Doe, Plaintiff's inability to identify and prosecute this defendant did not bear on Judge Peebles' decision to recommend granting summary judgment, and the record does not indicate that the conduct of AMC medical staff in treating Plaintiff was reckless. Lastly, the record indisputably demonstrates that Plaintiff received his last treatment for the blisters caused by the IV on November 25, 2008. Plaintiff's receipt of an ace bandage for right-forearm discomfort on September 30, 2010, is irrelevant, because the record shows that Plaintiff's continuing health problems, and not the blisters, necessitated the bandage.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 36) is **APPROVED and ADOPTED in its entirety**; and it is further

8

**ORDERED**, that Defendants' Motion (Dkt. No. 25) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all the parties.

**IT IS SO ORDERED**.


DATED:      September 23, 2013
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge